The Chief Justice
delivered the opinion of the court.
Adair having agreed to purchase of John and George Caldwell, their interest in three several tracts of land, and having paid part of the purchase monet^, and executed his obligation for the payment of the residue, they assigned his obligation to David Knox, who brought suit thereon, and fecovered judgment against Adaif, The Caldwells then *56 filed their bill against Aclair, alledging that he had beconwf insolvent, and that Knox being unable to collect the money of him, they had paid to Knox the amount of his i-udgment against Adair, and prayed that the land which Adair of them, should be sold to satisfy their demand. The bill being taken for confessed, the court below decreed according to its prayer, and Adair has brought the cause to this court writ of error.
Bridges, Éibb and Hardin for plaintiff; Wicklijfe for do fendants in error.
T . „ . 18 unnecessary to enquire into the merits oí the case, because we are clearly of opinion, that the decree is fatally erroneous, on ⅛⅜ ground that Knox Was not made a party , ° r J ^ SUlt.
That he Was a necessary party, is evident; the obligation being assigned to him, he became «ot only legally entitled to the demand upon Adair, but having obtained a judgment, he may, at any time he shall choose, proceed against Adair by execution, nor will the decree in this case preclude him from doing so; for being no party to the suit, he cannot be bound by the decree. It is plain, therefore, that for the purpose of finally settling the matter in controversy, and to render Adair safe in performing the decree, Knox should have been made a party to the suit.
Tlie decree must be reversed with cost, and the cause remanded for new proceedings to be had, not inconsistent with the foregoing opinion.